UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JERMAINE JOHNSON, | * | |
| Petitioner | * | |
| | * | |
| v. | * | CIVIL NO. L-08-695 |
| | * | CRIM. NO. L-06-06 |
| UNITED STATES OF AMERICA, | * | |
| Respondent | * | |

*******

## MEMORANDUM

Now pending is pro se petitioner Jermaine Johnson's motion for relief pursuant to 28 U.S.C. § 2255 (Paper No. 28). Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. See United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

For the reasons set forth below, the Court will, by separate Order of even date DISMISS Johnson's motion without prejudice; VACATE Johnson's judgment of conviction; ENTER a new judgment from which an appeal can be taken; and APPOINT counsel for Johnson for the purpose of noting an appeal. The Clerk is DIRECTED to CLOSE the case.

## I.     Background

On July 24, 2005, Johnson was observed by undercover Baltimore City Police officers conducting a hand-to-hand transaction in the 6500 block of Holabird Avenue in Baltimore City. Additional officers arrived on the scene to arrest Johnson. Johnson fled but was apprehended and taken into custody. The officers recovered approximately two grams of cocaine base from Johnson's person.

On December 11, 2006, Johnson pled guilty to Count One of the indictment, possession with the intent to distribute cocaine base in violation of 21 U.S.C § 841(a)(1). On March 1,

1

2007, the Court sentenced Johnson to 168 months imprisonment. Johnson filed no appeal. On March 17, 2008, Johnson filed the instant motion for relief.[1]

**II.    Discussion**

In his motion for relief, Johnson argues that he was denied effective assistance of counsel because his attorney, Anton Keating, Esq., failed to file a timely appeal despite Johnson's request to do so, and because during the sentencing his attorney failed to challenge the advisory guidelines based on Johnson's prior convictions.

Because Johnson did not appeal his sentence, he has procedurally defaulted his claims. Thus, to collaterally attack his sentence, Johnson must show both cause for and actual prejudice from the default. See Murray v. Carrier, 477 U.S. 478 (1986). Ineffective assistance of counsel is cause for a procedural default. Id. at 488. To show cause, Johnson alleges that his counsel failed to take an appeal after Johnson requested that he do so. See Paper No. 28, p. 6. In the Fourth Circuit, a criminal defense attorney's "failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993).

In his plea agreement, Johnson waived most of the grounds upon which he could take an appeal. Nevertheless, he claims that he directed Keating to file an appeal after his sentencing. Keating, however, affies that Johnson "did not request I file an appeal on his behalf." Paper No.

---

[1] The Government filed its response on June 25, 2008. Johnson never filed a reply. A reply is not necessary to decide this motion, however. In addition, the Government has argued that Johnson's motion is untimely. Johnson's sentence became final on March 6, 2007. Johnson's motion was filed with this Court on March 17, 2008. A prisoner has one year from the date his conviction became final to file a 28 U.S.C. § 2255 motion. In Houston v. Lack, the United States Supreme Court held that an incarcerated pro se prisoner's notice of appeal is filed at the time the prisoner delivers it to prison authorities for forwarding to the court clerk. 487 U.S. 266, 270 (1988). Although the record does not clearly establish the date Johnson delivered his motion to prison authorities for mailing, he signed the petition on February 28, 2008. The Court will assume that Johnson delivered it to the prison authorities on that day.

36, Ex. E. Resolving whether Johnson requested Keating to file an appeal would require an evidentiary hearing.

The protocol by judges of this Court in such cases is to vacate the judgment and enter a new judgment from which an appeal can be taken. This protocol is efficient because it avoids an evidentiary hearing, which frequently requires transporting the defendant from his place of incarceration to Maryland. The protocol also serves the interest of justice by permitting the defendant to exercise his right to take an appeal. Accordingly, this Court shall vacate Johnson's judgment of conviction, enter a new judgment from which an appeal can be taken, and appoint counsel for Johnson for the purpose of noting an appeal.[2]

Because Johnson will have the opportunity to appeal his case, the Court is not ruling on the merits of his § 2255 motion. If Johnson's appeal is unsuccessful and his conviction is affirmed, he will have the opportunity to renew his § 2255 motion.

## III. Conclusion

For the foregoing reasons, the Court will, by separate Order of even date DISMISS Johnson's motion without prejudice; VACATE Johnson's judgment of conviction; ENTER a new judgment from which an appeal can be taken; and APPOINT counsel for Johnson for the purpose of noting an appeal. The Clerk is DIRECTED to CLOSE the case.

Dated this 15th day of April, 2010.

                                                  /s/
                                      Benson Everett Legg
                                      United States District Judge

---

[2] In making this ruling, the Court does not find that Mr. Keating was ineffective for advising Johnson to waive his right to take an appeal. To the contrary, Mr. Keating's advice was sound strategy. By waiving his right to an appeal as part of the plea agreement, Johnson received the benefit of a lesser sentence.